IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARREL D. TURK, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-06-4027 |
| § | |
| NATHANIEL QUARTERMAN, § | |
|     Director of the Texas Department § | |
|     of Criminal Justice - Correctional § | |
|     Institutions Division, § | |
|         Respondent. § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Darrel D. Turk has filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254.[1] Having considered the parties' submissions and all matters of record, the court recommends that respondent's motion for summary judgment (Dkt. 17) be granted and petitioner's application be denied.

**Background**

According to testimony at his trial, Turk and an unknown accomplice robbed Margaret Perez and Rodrigo Cardenas at gunpoint in the early morning of December 15, 2001. Cardenas was seeing Perez off at her car after she picked up their infant son from his apartment. The robbers took Cardenas's wallet and $8.00 in cash from Perez. Immediately after the robbery, Cardenas, an off-duty police officer, went back into his apartment and

---

[1] The district court has referred this matter to this magistrate jduge for report and recommendation (Dkt. 4). Turk' s motion to proceed before a district judge (Dkt. 6) is denied as moot because his case has been referred only for recommendation and will be decided by a district judge.

retrieved two guns. While Cardenas went looking for the robbers, Perez called 911 from the apartment. When Cardenas saw the two men he believed had robbed him he identified himself as a police officer and ordered them to show their hands. The men exchanged gunfire, and Cardenas wounded Turk. The second man fled. Perez heard the shots and went to investigate. She saw Turk on the ground and recognized him as the man who held a gun to Cardenas's head. Cardenas told Perez to go back into the apartment because the accomplice was still at large. Cardenas called the police from his cell phone. Police arrived shortly thereafter.[2]

Turk was convicted on September 12, 2002 by a jury on two counts (cause nos. 896819 and 896820) of aggravated robbery, enhanced by two prior felony convictions. On September 13, 2002, the jury assessed Turk's punishment as 25 years in prison on each count. Turk appealed. The Fourth Court of Appeals affirmed his conviction on January 14, 2004. Turk did not file a petition for discretionary review (PDR).

Turk filed state court applications (WR-60,237-01, WR-60,237-02) for writ of habeas corpus on or about August 19, 2004, which were dismissed on December 15, 2004. He refiled a state application in cause no. 896819 (WR-60,237-03) on January 24, 2005. The Court of Criminal Appeals denied that application without written order on August 17, 2005. He refiled a state application in cause no. 896820 (WR-60,237-04) on October 21, 2005, which was denied without written order on October 11, 2006. Turk filed another state writ

---

[2] Trial transcript, vol. 3 at 150-80 (testimony of Margaret Perez), 195-243 (testimony of Rodrigo Cardenas).

application challenging both convictions on January 3, 2006 (WR-60,237-05), which was also denied without written order on October 11, 2006.

Turk asserts the following grounds for relief in this federal application for writ of habeas corpus:

 (1) he is innocent;

 (2) his conviction is based on evidence obtained through an illegal arrest by a suspended police officer;

 (3) his conviction is based on mistaken identity, perjured testimony, fabricated evidence, inaccurate DNA evidence, and malicious prosecution;

 (4) his conviction is based on legally and factually insufficient evidence;

 (5) the indictment against him was defective;

 (6) the retired judge did not have jurisdiction to hear the trial;

 (7) the trial judge erred in giving a "dynamite" instruction to the deadlocked jury and should have granted a mistrial;

 (8) he was denied right to take the stand at "allocution";

 (9) prosecutor made improper argument during punishment phase.

 (10) he received ineffective assistance of trial counsel because his trial attorney:

  (a) announced "not ready" for trial;
  (b) failed to investigate and subpoena records and witnesses;
  (c) did not impeach complainant Cardenas with evidence of Cardenas's prior history of misconduct;
  (d) failed to object when he should have; and
  (e) was in cahoots with the prosecutor.

 (11) he received ineffective assistance of appellate counsel because his counsel

      (a)    did not raise the above claims in his appeal; and

      (b)    did not notify him when appeal was final so that he could file a timely PDR;

(12)    complainant Cardenas used excessive force in effecting his "arrest."

Turk also has requested discovery and an evidentiary hearing in this court.[3] Respondent does not contend that Turk's petition is time-barred, or that he has failed to exhaust his state remedies.

## Analysis

Turk's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Turk is not entitled to federal habeas relief on his claims that were adjudicated on the merits[4] in state court unless the state court adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision may be "contrary to" federal law as determined by the Supreme Court if the state court arrives at a conclusion opposite of the Supreme Court

---

[3] *See* Dkts. 20, 21, 22, 23.

[4] A denial of habeas relief by the Texas Court of Criminal Appeals constitutes a ruling on the merits of the application. *In re Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

on a question of law, or if the state court "confronts a set of facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches an opposite conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

A state court decision involves an "unreasonable application" of federal law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Federal habeas relief is warranted only where the state court decision is both incorrect and objectively unreasonable. *Id.* at 410-11.

Turk raised all of the grounds for relief presented here in his state habeas application. The state court denied Turk relief. Turk has merely reasserted his arguments in his federal application, he has not shown that the state court's decision was contrary to or an unreasonable application of federal law, or was based on an unreasonable determination of facts. For this reason, Turk is not entitled to federal habeas relief on any of his claims. The court addresses additional deficiencies in his claims as follows.

### 1. Actual Innocence

The Supreme Court has explained that:

> Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding . . .. This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact.

*Herrera v. Collins*, 506 U.S. 390, 400 (1993). Turk has not presented any newly discovered

evidence of his innocence.[5]

### 2. Contentions regarding illegal arrest, integrity and sufficiency of evidence

Turk essentially argues that he was set up in order to cover up Cardenas's unlawful shooting of him, an innocent bystander, for no reason. Turk contends that at the time of the incident Cardenas was on suspension from the police department and did not have authority to arrest him. There is no evidence that Cardenas arrested Turk. Several other officers responded to the scene in response to a 911 call. Turk's appellate counsel testified in the state habeas proceeding that "there is nothing in the record as to an illegal arrest."[6]

Turk's contentions regarding the legal insufficiency of the evidence are all procedurally barred because he did not raise them on direct appeal. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996).[7] Moreover, there is sufficient evidence in the record, including the testimony of the victims, to support Turk's conviction, and the state court's finding to that effect is not unreasonable or contrary to federal law.

Turk makes conclusory allegations that the witnesses committed perjury, that evidence was tampered with or fabricated, that he was the victim of mistaken identity, and that because

---

[5] Turk appears to base his "new evidence" claim on DNA retesting of the "doo-rag" found at the scene that in his opinion proves that he was set up. But his appellate counsel stated in an affidavit to the state habeas court that "DNA retesting had not proven any set up or fabrication." WR-60,237-03, at 105-07.

[6] *Id.* at 106.

[7] Contentions regarding factual insufficiency of evidence are strictly matters of state law, not federal Constitutional law, and cannot support relief in a federal habeas case. *Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993).

there was no evidence to support his indictment he was subjected to a malicious prosecution. His conclusory allegations are not enough. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Turk focuses extensively on Cardenas's alleged perjury. In order to succeed on such a claim, Turk must show that the prosecution's conduct in presenting the perjured testimony "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000). A trial is fundamentally unfair in violation of due process only where "there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Id.* at 753.

> To establish a due process violation based on the State's knowing use of false or misleading evidence, [a habeas petitioner] must show (1) the evidence was false, (2) the evidence was material, and (3) the prosecution knew that the evidence was false. Evidence is false if, *inter alia,* it is specific misleading evidence important to the prosecution's case in chief. False evidence is material only if there is any reasonable likelihood that [it] could have affected the jury's verdict.

*Id.* (quoting *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997)) (alterations in original). Contradictory or inconsistent witness statements standing alone do not establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

In sum, Turk's various allegations of perjury, evidence tampering, malicious prosecution and the like are wholly conclusory, not specific, not supported by evidence, and thus have no probative value. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). There is simply nothing in the record to lend credence to his claims. His appellate counsel

7

testified by affidavit in Turk's state habeas proceeding that Turk's claims in this regard were unsubstantiated and not supported by the record.

### 3.     Defective indictment; trial and punishment phase errors

Turk raised his invalid or defective indictment claim in state court. Where the state court has held that an indictment is sufficient under state law to support state court jurisdiction, a federal court need not address the issue. *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987).

Turk has presented no authority for the proposition that the visiting, retired trial judge was not qualified to preside at his trial, or how this fact constitutes a violation of his federal Constitutional rights. Moreover, the record does not support Turk's conclusory claim that an erroneous "dynamite" instruction was given, or that a mistrial was warranted. After the jury reported being deadlocked, the trial judge brought them out into the courtroom and asked the foreman to state, without specifying how many votes were for guilty or not guilty, the numerical division. After the foreman stated "it's seven, four, and one," the judge asked how long that had been the case, to which the foreman reported "pretty much since the beginning." The judge then said "retire to the jury room and to continue your deliberations."[8] This does not constitute an impermissible "dynamite" charge under federal law because it did not encourage minority jurors to reconsider their views. *United States v. Fields*, 483 F.3d 313, 339-40 (2007).

---

[8]     Trial transcript, vol. 5, at 3.

8

As to the prosecutor's allegedly prejudicial closing argument, the trial court instructed the jury to disregard it, and Turk has not overcome the presumption that the jury followed that instruction. *United States v. Hopkins*, 916 F.2d 207, 218 (5th Cir. 1990).

While the right to allocution is deeply rooted in our legal tradition, it is neither constitutional nor jurisdictional. *United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004). Thus, the denial of allocution cannot support federal habeas relief.

In sum, none of Turk's allegations regarding lack of trial court jurisdiction and trial court errors are grounds for federal habeas relief.

### 4. Ineffective assistance

The Supreme Court has established a two-part test for determining ineffective assistance of counsel habeas claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish an ineffective assistance of counsel claim, a defendant must first show that his counsel's performance was "deficient." To do this, a defendant must point to specific errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Second, a defendant must demonstrate that his counsel's performance prejudiced his defense. *Id.* In other words, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*; *see also United States v. Chavez*, 193 F.3d

375, 379 (5th Cir. 1999) ("the focus here is whether a reasonable probability exists that counsel's deficient performance affected the outcome and denied [the defendant] a fair trial."). In establishing an ineffective assistance of counsel claim, a defendant cannot merely present conclusory allegations. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). Rather, the defendant must allege "specific facts" to support his claim. *Id.*

The two-pronged test of *Strickland* also applies to an ineffective assistance of appellate counsel claim. In order to succeed on an ineffective assistance of appellate counsel claim, a petitioner must show that the issues he argues should have been raised are not frivolous, and would have been successful. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel is not ineffective for failing to raise issues on appeal where the record does not show the existence of trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to argue every conceivable issue on appeal; counsel is required to use professional judgment to determine which nonfrivolous issues to pursue on appeal. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). There is no requirement that appellate counsel consult with the client about what claims to pursue on appeal. *Hooks*, 480 F.2d at 1197.

Turk has not alleged with specificity what further investigation would have revealed that would have changed the outcome of this case.[9] This is particularly true in the face of the

---

[9] Turk does argue that further investigation would show that contrary to police testimony, his" doo-rag" was not taken by police at the scene, but was in fact taken by paramedics while he was in route to the hospital. Even if true, he does not explain how this fact could have altered the outcome of the case.

extensive eyewitness evidence against him. Although Turk faults his trial counsel for failing to submit evidence of Cardenas's prior conduct, such evidence was specifically excluded by the court, and in fact, trial counsel attempted unsuccessfully to preclude Cardenas from testifying at trial at all.[10] The trial transcript also indicates that counsel diligently cross-examined witnesses, and objected numerous times during the state's case.

As to appellate counsel, there is nothing in the record calling into question his performance. Appellate counsel filed an Anders brief on behalf of Turk.[11] Appellate counsel submitted an afffidavit in the state habeas case testifying that he timely notified Turk that his conviction had been affirmed, which the state court deemed credible.

In sum, Turk has not overcome the presumption of correctness of any of the State court's rulings regarding his ineffective assistance of counsel claims.

### 5. Excessive force

Turk asserts that Cardenas used excessive force against him. Even if Cardenas were acting in an official capacity when he shot Turk, such a claim would not be cognizable in a federal habeas application. The writ of habeas corpus is designed to challenge the fact or duration of confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). A charge of excessive force in an arrest does not

---

[10] *See* Clerk's Record in cause no. 896819, at 52-56.

[11] *See Anders v. State of Cal.*, 386 U.S. 738, 744 (1967) (holding that counsel's role as advocate requires him to make a conscientious examination of the case; if counsel finds that an appeal would be wholly frivolous, he must inform the court and request permission to withdraw; the request should be accompanied by a brief referring to anything in the record that might arguably support an appeal).

11

challenge the fact or duration of confinement and it is more properly filed as a civil rights complaint under 42 U.S.C. § 1983. *Hernandez v. Spencer*, 780 F.2d 504, 505-06 (5th Cir. 1986).

### 6. Evidentiary Hearing and Discovery

As noted above, factual determinations made by a state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). Where an applicant has failed to develop the factual basis for his claim in state court proceedings, the court shall not hold an evidentiary hearing unless the claim relies on a new rule of constitutional law with retroactive application or a factual predicate that could not have previously been discovered, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that absent constitutional error no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

The Supreme Court recently ruled that in deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing would enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007). The court must take into account the deferential standards prescribed by § 2254 when deciding whether an evidentiary hearing is appropriate. *Id.* If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, the district court is not required to hold an evidentiary hearing. *Id.*

There is no need for an evidentiary hearing in this case. A hearing here would serve no purpose other than to impermissibly second-guess the credibility decisions of the state courts. As the court has explained above, Turk's contentions do not support a claim for federal habeas relief.

A habeas petitioner may be permitted discovery for good cause upon leave of court. *Lave v. Dretke*, 416 F.3d 372, 380 (5th Cir. 2005). The decision to deny discovery is within the court's discretion. *Id.* In order to show good cause, a petition must demonstrate that "a factual dispute, if resolved in the petitioner's favor, would entitled him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing." *Id.* at 381. Turk has not shown a need for discovery in this case.[12]

**Conclusion and Recommendation**

For the reasons discussed above, the court recommends that Turk's petition be denied. None of the challenged state court rulings have been shown to be incorrect, much less objectively unreasonable, under federal law. The court orders that Turk's motions for discovery and for an evidentiary hearing (Dkts.20, 21, 22) are denied.

The court further finds that Turk has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

---

[12] Turk seeks an audio recording of the trial and medical records regarding his injuries.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 8, 2008.

_____
Stephen Wm Smith
United States Magistrate Judge